It was an amicable action, docketed by consent and referred to three persons named by the court; they, or any two of them agreeing, to make report. A report was made, signed by two only; which, from inaccuracy of wording, was made to express that only these two met; but the court, on motion, allowed the return to be amended in this respect, according to the fact.
The exceptions were — 1. Because the court ordered the award to be amended; and the judgment, being on the amended award, was erroneous. 2. Because the legal award showed a hearing and decision of the cause by only two referees. 3. Because the judgment was rendered without confession, and without any legal award, or any other ground that would sustain it.
Bayard. — It is well settled that on a reference, the arbitrator is functus officio on the return of the award, and no amendment can be made. Neither can there be any reference back to him, unless such power is expressed in the submission: the court has no power to do any thing but approve or disapprove. (Jenk. Cent., 3, 61, 128; 6 East. Rep., 309; 8 Ib., 54; 11 Ib., 369; 40 Com. Law Rep., 656; 6 Mess. Welsby, 438; 23 Com. Law Rep., 60; 2 Mess. Welsby, 32; 8Com. Law Rep., 26; 16 Ib., 391; 41 LawLibrary.) The award as returned, could not have warranted any judgment. The amendment was therefore material.
Mr. Bates, jr., contra. — 1. The court did not order the award to be amended; they gave leave to amend the report. The report and award are distinct. (Borw. L. Dic.) The certificate of qualification and report are entirely under the direction of the court. The amendment was of no part of the award.
2. The act of assembly controls the whole matter. It recites the evils to be guarded against, and enacts that no judgment on an award shall be reversed for any error. (Dig., 112.)
3. But on the broad question — Has the court power to permit an amendment of the report of referees, in a matter not touching the award; that is, the decision of the arbitrators?
The law of awards under our act of assembly; and of amendments under our constitution and laws applying to awards, as well as other legal proceedings; is very different from the law and practice on awards in England.
The power of amendment of any proceedings before a court, or under its jurisdiction, is before judgment unlimited, except by its *Page 288 
own discretion; and the exercise of such discretion is not the subject of a writ or error. (Art. 6, sec. 16, Const.)
The daily practice of the court under this power, is to amend the mistakes of counsel learned in the law, so as to prevent injustice; yet it is contended that the same court has not power to allow unlearned referees to correct the certificate of an award, according to the truth.
I lay out of view altogether the law of awards and submissions out of court. It may be that such submissions to the judges of the party's own choice, may be subject to the straitened rules contended for on the other side; I neither concede nor deny that; but an award founded on a submission by rule of court, under an act of assembly, is a very different matter. That makes it a cause in court; a civil proceeding before the court; subject to the guidance and control of the court; to its powers of amendment, and compulsion; and, I say, of reference back. It makes the arbitrators something more than mere agents of the parties; it makes them agents of the court, for a particular purpose, and their duty is not discharged until it is fully discharged. They are not functus officio, when they have made any kind of return; they are bound to do the duty they were appointed to do; and if they do it at first ineffectually, they may be ordered to do it over again. They are officers of the court; appointed by the court; deriving authority from them and bound to exercise and exhaust that authority. It is not a mere authority, it is a duty, and the court can oblige them to do it. (1Binney's Rep., 3, 36; 6 Mass. Rep., 70; 5 Ibid, 139; 4 Greenleaf's Rep., 459.)
Mr. Bayard, in reply. — The distinction between the report and the award has no foundation. In every case requiring a report to be made in writing, the report is the award. The act of assembly speaks of the "report and award" as correlative terms. Authority or power cannot be enlarged or amended, but by the consent of the source of such power. It must be executed in manner and form, as the power is conferred. A submission, whether by rule of court or otherwise, is the act of the parties; to judges of their own choosing; to be acted upon in manner and form, and to the extent authorized by the submission, which may be in any terms the parties choose. And no power exists in the court or elsewhere to extend or modify such an authority.
The principles of the law of awards are not changed by the act of assembly. The court has no common law powers over awards, *Page 289 
touching the submission; there is no law in this State of compulsory arbitration; and the act referred to only gives authority to parties on submitting to arbitration, to make their submission a rule of court, and thus make the award subject to the approval of the court, and give the judgment upon it certain effects, which would not otherwise belong to it. But the submission is still the act of the parties; the authority of the arbitrators is derived from them; their action is regulated by the terms of the submission; and no power exists to enlarge or vary it. That is the principle of the common law, and of the English cases. The State cases referred to, show great looseness of investigation, as well as disregard of settled principles.
Judgment. — And now to wit: this sixth day of June, in the year of our Lord one thousand eight hundred and fifty, this cause came before the Court of Errors and Appeals, and was argued by counsel; whereupon, as well the record and proceedings aforesaid, and the judgment given in form aforesaid, as the matters aforesaid, by the said John M. Gordon, for error assigned, being seen and by the court now here fully understood, and mature deliberation being thereupon had, it appears to the court, that there is no error either in the record or proceedings aforesaid, or in giving the judgment aforesaid. Therefore it is ordered, that the judgment aforesaid, in form aforesaid given, be in all things affirmed; and that the said John M. Gordon pay the costs of the proceedings in this court. And it is ordered, that the judgment of this court be certified to the court below, and the aforesaid record be remitted to the same court.